NUMBER 13-05-286-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE MATTER OF G.O., A CHILD

 


On appeal from the County Court at Law No. 1 


of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Yañez


 

 Appellant, G.O., is a juvenile who pled true to the offense of aggravated sexual
assault. (1) Following a disposition hearing pursuant to the Texas Family Code, G.O. was
given probation. After G.O. committed a series of probation violations, the State moved
to modify the disposition. After a disposition hearing on the State's motion, the trial court
committed G.O. to the custody of the Texas Youth Commission ("TYC"). G.O. appeals the
modified disposition, complaining that the trial court erred by (1) admitting testimony
contrary to Texas Rules of Evidence 602 and 805, (2) (2) violating his right of confrontation,
and (3) committing him to TYC without fully investigating all available treatment options. 
We affirm.

Facts

 The State filed a petition for indeterminate sentence against G.O. on July 11, 2003. 
The petition alleged that G.O. had committed the crime of aggravated sexual assault. (3) 
G.O. pled true and he was subsequently placed on community supervision. On March 14,
2005, the State filed a motion to modify disposition; the motion alleged that G.O. had
violated numerous terms of his probation. On April 14, 2005, the trial court conducted a
hearing on the State's motion to modify disposition. After G.O. entered a plea of not true
to the State's allegations, the trial court heard testimony from three witnesses: Yvonne
Rossman, Nora Brosnig, and John Ledesma.

 Yvonne Rossman was employed as an attendance officer by Victoria I.S.D. 
According to her testimony, G.O. had violated the terms of his probation by (1) failing to
attend school each day unless properly excused, (2) disobeying school rules and
regulations, (3) failing to perform in accordance with his ability, and (4) wearing or
possessing an article of clothing which is considered drug related or contains offensive
material. Nora Brosnig, a probation officer with Victoria County Juvenile Services, testified
that G.O. had further violated the terms of his probation by (1) failing to meet, visit, call, or
contact his probation officer at any time and place at his or her request, and (2) failing to
avoid being in the presence of, or engage in the use of, any drugs or inhalant of any type. 
At the conclusion of Brosnig's testimony, the trial court found that the State had proven,
by a preponderance of the evidence, that G.O. violated the terms of his probation.

 The trial court then proceeded to the disposition phase of the hearing. In her
testimony, Brosnig recommended that the court commit G.O. to TYC. John Ledesma, a
teacher at a juvenile detention center, testified that G.O. had been a student of his for
about two months, and that G.O. had been an excellent student during this time. At the
close of all the evidence, the trial court committed G.O. to the custody of TYC.

Analysis

 We begin by first addressing G.O.'s third issue: whether the trial court erred in
committing him to TYC without fully investigating all available treatment options. G.O.'s
argument is premised on the applicability of section 54.04(i) of the family code, (4) which if
applicable, would have required the trial court to determine if "reasonable efforts were
made to prevent or eliminate the need for the child's removal from the home and to make
it possible for the child to return to the child's home." (5) The Texas Supreme Court has held,
however, that the "plain language of the Juvenile Justice Code requires different findings
in initial orders committing a juvenile to TYC than in modified orders to do so." (6) Section
54.04(i) is only applicable if an initial disposition order places a child in TYC or on probation
outside the home; a modification order, on the other hand, is governed by subsections (f)
and (k) of family code section 54.05. (7) In dealing with a modification order, as in this case,
a trial court "can provide for commitment to TYC if (1) the original disposition was for
conduct constituting a felony or multiple misdemeanors, and (2) the court finds the child
violated a reasonable and lawful order of the court." (8) Because G.O.'s third issue attacks
the trial court for its failure to comply with section 54.04(i), and because we find this section
to be inapplicable to the instant case, we overrule G.O.'s third issue.

 We next address G.O.'s contention that the trial court erred in admitting testimony
from Yvonne Rossman because it conflicted with Texas Rules of Evidence 602 and 805. (9) 
We review this non-constitutional issue under rule 44.2(b) of the Texas Rules of Appellate
Procedure and disregard the error, if any, unless it affected G.O.'s substantial rights. (10) A
substantial right is affected when the error had a substantial and injurious effect or
influence on the verdict. (11) In making this determination, we review the record as a whole. (12)

 After examining the record as a whole, we conclude that the error in question, if any,
did not have a substantial and injurious effect or influence in determining the verdict. Even
if Rossman's testimony was excluded, the record reveals that the trial court would have still
determined that G.O. violated certain terms of his probation based on Brosnig's testimony
alone. As stated earlier, Brosnig testified that G.O. violated his probation by (1) failing to
meet, visit, call, or contact his probation officer at any time and place at his or her request,
and (2) failing to avoid being in the presence of, or engage in the use of, any drugs or
inhalant of any type. (13) These violations alone created a basis for the trial court to commit
G.O. to TYC's custody, because the trial court simply needed to find that G.O. "violated a
reasonable and lawful order of the court." (14) We thus overrule G.O.'s first issue.

 In his second issue, G.O. asserts that Rossman's testimony violated his
Confrontation Clause rights under the Sixth Amendment. (15) According to G.O., Rossman's
use of attendance and discipline reports violated his right of confrontation under Crawford
because the persons who gave information described in the reports were not present to
testify at the transfer hearing. (16) If we assume, without deciding, that the use of these
reports violated either the rules of evidence or the Confrontation Clause, this Court is
satisfied beyond a reasonable doubt that such error did not contribute to G.O.'s conviction
or punishment. (17) This decision is predicated upon the same rationale utilized in response
to G.O.'s hearsay complaint. G.O.'s second and final issue is therefore overruled.

Conclusion

 Accordingly, we affirm the judgment of the trial court.


 



 
 LINDA REYNA YAÑEZ,

 Justice






Memorandum opinion delivered and filed 

this the 22nd day of February, 2007.

1. Tex. Pen. Code Ann. 22.021 (Vernon 2004).
2. Tex. R. Evid. 602, 805.
3. Tex. Pen. Code Ann. 22.021 (Vernon 2004).
4. Tex. Fam. Code Ann. § 54.04(i) (Vernon Supp. 2006).
5. Id.
6. In re J.P., 136 S.W.3d 629, 633 (Tex. 2004).
7. Tex. Fam. Code Ann. § 54.05(f), (k) (Vernon Supp. 2006); see In re J.P., 136 S.W.3d at 630-31. 
8. In re J.P., 136 S.W.3d at 631.
9. Tex. R. Evid. 602, 805.
10. See Tex. R. App. P. 44.2(b).
11. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750,
776 (1946)).
12. Kotteakos, 328 U.S. at 764-65. 
13. The record reveals that the trial judge found G.O. to have violated his probation on both of these grounds
in light of Brosnig's testimony.
14. See Tex. Fam. Code Ann. § 54.05(f).
15. U.S. Const. amend. VI.
16. Crawford v. Washington, 541 U.S. 36 (2004).
17. See Tex. R. App. P. 44.2(a) ("[T]he court of appeals must reverse a judgment of conviction or punishment
unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or
punishment.")